UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RAYMOND LEE KING,

    Plaintiff,

v.                                                Case No. 1:24cv34-AW-HTC

UNITED STATES SUPREME COURT, et al.,

    Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Raymond Lee King, proceeding *pro se*, has filed a complaint and motion to proceed *in forma pauperis*. Docs. 1, 2. After reviewing the complaint, the undersigned concludes this case should be dismissed without prejudice for lack of jurisdiction and improper venue. Accordingly, the motion to proceed *in forma pauperis* is DENIED.

## I.     Lack of Jurisdiction

Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). When a federal court concludes it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Id.*;

*see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts must have one of three types of subject-matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction under 28 U.S.C. § 1331; or (3) diversity jurisdiction under 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, … and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Here, Plaintiff, who lists his address as 103 Loop Lane, Melrose, Florida 32666, sues Tuwanda F. Williams, a Virginia resident retired from the Army, and FBI agent Troy Fisher, whose residency is not listed.[1] Doc. 1 at 1-2. The entirety of Plaintiff's factual allegations read as follows:

> Motion for kingmanship, John F. Kennedy signed Kingmanship to Robert Lee King, Raymond James King Sr., Raymond Lee King Jr. I've called the US Treasury numerous amount of times no response, my SS# has been used by Tuwanda Faye Williams and many more. Also, Troy Fisher (FBI) without consent. Tuwanda Faye Williams does not have power of attorney for Raymond Lee King Jr. Vanessa C. Mann LPN FL nurse can be reached via sattalite (sic). Raymond Lee King Jr. fine great conflict of interest with the Untied States of America. Mailing Address: 1003 Loop Lane, Melrose, FL 32666 [cell number and social security number][2] has been placed in

---

[1] Although Plaintiff identifies Williams and Fisher in the Parties section of the complaint, he identifies the United States Supreme Court and the U.S. Treasury in the case style. Doc. 1 at 1.

[2] The clerk was directed to redact the social security number identified by Plaintiff on the complaint.

Case No. 1:24cv34-AW-HTC

>bloodpressure (sic) pumps without my consent, my calls to the US Treasury was intercepted, all phone records needs checking of [cell number] Verizon wireless.

Doc. 1 at 5.³  In Plaintiff's Statement of Claims, he writes "All rights has (sic) been violate under the US Constitution, conflict of interest by agency, judicial courts, civil lawsuits against all." *Id.* at 6.

Plaintiff's allegations are nonsensical and delusional.  They are also clearly frivolous.  *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (explaining that "clearly baseless" allegations include "allegations that are 'fanciful,' 'fantastic,' and 'delusional,'" or "rise to the level of … irrational or … wholly incredible").  Plaintiff has set forth no facts supporting *any* claim, much less one based on any federal law.  Plaintiff's blanket reference to "constitutional violations," does not establish this Court's jurisdiction.  *See Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (a federal court may dismiss a federal question claim for lack of subject-matter jurisdiction if the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or such a claim is wholly insubstantial and frivolous) (citation omitted).

---

³ For ease of reading, the Court has added punctuation to the original.

Likewise, Plaintiff has not set forth any facts to establish this Court's diversity jurisdiction. Although Plaintiff identifies his residence as being in Florida, and Williams' as being in Virginia, he has not identified Fisher's residence, *and* has not alleged an amount in controversy. Indeed, the Relief Requested section of the complaint is blank. Regardless, as stated above, Plaintiff has set forth no facts that would entitle him to relief, much less to more than $75,000 in damages.

## II.   Improper Venue

As an additional an independent ground for dismissal, venue is not proper in the Northern District of Florida. Under 28 U.S.C. § 1391(b), venue is proper (1) in any judicial district in which any defendant resides, (2) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which any action may otherwise be brought, in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action. 28 U.S.C. § 1391(b)(1)–(3).

Here, Plaintiff has alleged no facts showing any substantial events or omissions occurred in this district. Plaintiff does not allege any Defendant is a resident of this district, and there are no facts showing that any Defendant is subject to the court's personal jurisdiction in this district. The only connection to the State of Florida is Plaintiff's identification of his address in Melrose, Florida. However,

Plaintiff's Melrose, Florida address is in Putnam County, which falls within the territorial jurisdiction of the Middle District of Florida.

Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss the action or transfer the action to the appropriate venue. Given the frivolous nature of the allegations, dismissal rather than a transfer would be appropriate. *See Emrit v. Barkley*, 2023 WL 2355906, at *3-4 (S.D. Ala. Feb. 3, 2023), *report and recommendation adopted*, 2023 WL 2352359 (S.D. Ala. Mar. 3, 2023) (dismissing Plaintiff's complaint because it is "implausible and borderline delusional").

### III.   Motion to Proceed *In Forma Pauperis*

The opportunity to proceed as an indigent in civil cases, created by statute, is not considered a right, but a privilege, *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998), and "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Thus, "a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, [but] must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citing *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir. 1975)). Because the complaint is frivolous, Plaintiff's motion to proceed *in forma pauperis* is DENIED. *See Young v. Marshall*, 1:20-cv-495-JB-MU (S.D.

Ala. Dec. 4, 2020) (finding *in forma pauperis* status was not warranted because Plaintiff's claim was frivolous).

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis*, Doc. 2, is DENIED.

And it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction and improper venue.

2. That the clerk close the file.

At Pensacola, Florida, this 15th day of February, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1.

Case No. 1:24cv34-AW-HTC